No. 3889

Second Circuit

DONLIN v. PIERCE ET AL.

(January 27, 1931. Opinion and Decree.)
(February 26, 1931. Rehearing Refused.)

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

S. B. Pressburg, of Alexandria, attorney for defendants, appellants.

McGREGOR, J. During the month of August, 1923, plaintiff, Walter Donlin, loaned the defendant, H. D. Pierce, the sum of $225. This loan was a matter of emergency and was a great accommodation to the defendant and his family. At the time of the loan the plaintiff was rooming with the defendant, paying for the room at the rate of $15 per month. Plaintiff swears that he was paying this rent in advance at the time of the making of the said loan in the month of August, 1923, and that he paid for the month of September in advance in the same manner; that on the first of October, 1923, it was agreed that he would not pay rent in cash any more but that the amount of the room rent each month would be credited and the loan thereby reduced or paid to that extent. Plaintiff evidently was not in the city of Alexandria all the time but was absent from the city at varying intervals of time.

Defendant claims that plaintiff was in the city and occupied the room some of each month beginning with the month of

September, 1923, and ending with the month of June, 1924, and that no rent was paid in cash after the loan was made, and that therefore the month of September was credited on the loan and not paid in cash as contended by the plaintiff. The defendant testifies that the plaintiff took meals at his house on the average of six each month during that period and that these meals were worth at least fifty cents each. Plaintiff denies this contention and defendant's testimony on the point is so general, vague and indefinite we find it impossible to allow defendant's reconventional demand for this item of board except to the extent of $7.25, which plaintiff admits was due for coffee. The defendant also claims that quite a large sum was paid out by him for the plaintiff during a period of several months for plaintiff's laundry. Absolutely no record was kept of this, either as to dates or amounts. This testimony is also so general, vague and indefinite that we cannot allow credit for same. Defendant claims credit also for the sum of $7 for long distance messages sent and received over his telephone by the plaintiff. This item is admitted by the plaintiff and credit is therefore given for same. Subsequent to the year 1924 the plaintiff apparently left the city of Alexandria, or at least never returned to the residence of the defendant any more and he at once began to demand the payment of the balance due him for the loan of $225 mentioned above. These demands appeared to have been frequent and insistent. No denials of the indebtedness were ever made by the defendant. On the contrary, in a number of letters he promised the plaintiff that he would pay as soon as he could. Finally, after having exhausted all his efforts to collect the balance due him on this claim, the plaintiff brought this suit.

Credit was allowed in the suit for the sum of $100, without itemizing what this was for, and demand was therefore made in the said suit for the sum of $125 with legal interest from judicial demand.

On the trial of the case the defendant reconvened and set up the claim that the plaintiff was indebted to the defendant in the sum of $20.50, and asked judgment in reconvention for that amount. The claims of the defendant against the plaintiff were made up of the following items:

Ten months' room rent from September, 1923, to June, 1924, at $15 per month, or $150;
Long distance telephone messages, $7;
Laundry paid for, $58.50;
Meals served, $30, all of which totaled $245.50.

The plaintiff, in itemizing the credits to which he admits the defendant is entitled, shows the following:

Room rent, $57.50;
Long distance telephone, $7;
Coffee, $7.25; or a total of $71.75.

In arriving at the amount of credit due the defendant for room rent the plaintiff allowed for fractions of months, which we think he should not have done. If he was in the room for part of any month, he owed rent for the entire month. He admits being in the room during all or part of the months of September, October, November, December, April and May, and no others. He claims he paid for the month of September in cash, but the defendant's wife is positive that that month was credited on the loan. This is a reasonable inference and we prefer to think that she is correct in her statement. But in her statement as to the large sum advanced for laundry and that charged for meals, we cannot but believe that she is in error.

If these two items were being charged the defendant should have kept some kind of record and not trusted to memory and guess as to the amount due. If these two items were true the plaintiff would be in debt to defendant as is claimed, and he would have known it all along and would have had an effectual remedy and defense against the harassing letters and telegrams from the plaintiff demanding payment of the loan. Instead of claiming credit for these various sums he wrote a number of letters admitting some indebtedness and promising to pay unconditionally. We think the claim of having paid the loan and claiming a balance due him was an afterthought on the part of the defendant. To our minds the plaintiff has been extremely liberal with the defendant. Ordinarily the loan would have been represented by a note bearing eight per cent interest from date, and possibly ten per cent attorney's fees for collection, but the plaintiff required no note and his claim is for interest at five per cent only, from judicial demand.

We cannot tell how the judge of the lower court arrived at the amount of his judgment. Giving credit for six full months' room rent, we find that defendant is entitled to a credit of $104.25, leaving the sum of $120.75 due the plaintiff.

For the foregoing reasons it is ordered, adjudged and decreed that the judgment of the lower court be amended so as to give judgment in favor of the plaintiff against the defendant for the sum of $120.75 with interest at the rate of five per cent per annum from November 19, 1928, the defendant to pay all costs of both courts, and the judgment as thus amended is affirmed.